**Marcellus A. SCHNEIDER, Plaintiff,**

v.

**UNITED STATES STEEL CORPORA-TION, a New Jersey corporation, Defendant and Third Party Plaintiff,**

**Northwest Roofing & Cornice Co., Inc., Third-Party Defendant.**

Civ. No. 2935.

United States District Court
D. Minnesota, Third Division.

Jan. 15, 1957.

A. Harold Peterson, Minneapolis, Minn., for plaintiff.

A. Laurence Davis, St. Paul, Minn., for U. S. Steel (defendant and third party plaintiff).

Lewis Anderson, St. Paul, Minn., for Northwest Roofing (third party defendant).

DEVITT, District Judge.

Defendant has moved for judgment notwithstanding the verdict or for a new trial, following a return of a jury verdict against it on December 19, 1956.

I am satisfied that I cannot grant a judgment notwithstanding the verdict because I could not have granted a directed verdict since there was some substantial evidence in support of the plaintiff's case.

In so far as the motion for a new trial is concerned, it is clear that under Fed.Rules Civ.Proc. rule 59, 28 U.S.C.A., a trial court is vested with ample power to grant a new trial in order to see that justice is done. A motion for a new trial invokes the sound discretion of the court, and an order granting or denying a new trial is not reviewable except for clear abuse of discretion. Barron & Holtzoff, Federal Practice, Sec. 1302 and cases cited.

Judge John J. Parker has reviewed the authority of trial courts in the matter of granting judgment notwithstanding the verdict or for a new trial, in the case of Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1943, 122 F.2d 350, 354. Among other things, it is said that the trial judge may:

"* * * set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, * * *"

It is also said therein that a trial judge may grant a new trial:

"'* * * Whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice.'"

In this case substantial evidence was introduced from which the conclusion might well be reached that the defendant was negligent. Witness Joseph B. Thrienen, now retired, but a former order picker for the defendant, testified that he pulled the rope to start the crane

without looking to see if any workmen were then on top of the crane. He further said that he could have seen the ladder from where he pulled the rope had he looked, but he did not look. Had he seen the ladder, it would have indicated to him that workmen were working on the crane. He further testified that the crane would not always stop when the rope was released, but that it was subsequently fixed. He said this happened "quite a few times."

This is evidence of negligence as against the defendant for whom Thrienen was employed.

However, evidence of contributory negligence on the part of the plaintiff was overwhelming. He testified that, although he knew that it was the rule and common practice to pull the master switch before using the crane, that he did not do so. Nor did he tell anyone that he was going up in the crane. It was a rule of the company and a practice of the regular employees and all workmen engaged in the repair job, as well as an instruction which had been given to the contractors and subcontractors, to pull the master switch before using the crane. The plaintiff did testify that upon ascending the ladder he yelled to some unidentified workman to pull the switch and claims that a response came to him that such would be done. However, no evidence was introduced showing that anyone heard such a request. Several witnesses testified that, although in the area, they did not hear such a request or any response to it.

The evidence in support of the rule, custom and practice that the master switch must be pulled as a condition to using the crane was overwhelming. There was no evidence to the contrary. Plaintiff admitted that he knew of the rule and practice, but he did not subscribe to it in this instance.

It is my view that this constitutes a clear case of contributory negligence and just as clear that it was a contributing cause of the subsequent accident. It was uncontested that, had the master switch been pulled, the accident could not have happened.

Since I am of the view that evidence of contributory negligence proximately causing the accident is so overwhelming, a new trial must be granted to prevent a miscarriage of justice.